# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAH DANNELL ORTIZ, | Case No. 1:25-cv-00155-SKO |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS |
| FRESNO FEDERAL COURTHOUSE, | |
| Respondent. | (21-DAY OBJECTION DEADLINE) |

On February 6, 2025, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 in this Court. Upon review of the petition, the Court finds that mandamus relief is unavailable. Therefore, the Court will recommend the petition be DISMISSED WITH PREJUDICE.

## DISCUSSION

I.     Preliminary Screening of Petition

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II.    Mandamus Relief

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

However, mandamus is an extraordinary remedy. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998). Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

Petitioner's claims are very difficult to decipher. He believes he is the subject of a conspiracy between the Fresno County Police Department, "the population," "Congress members," and judges. (Doc. 1 at 1-2, 5.) He claims Judge Wilson has taken retaliatory action against him because Judge Wilson does not want him sleeping with any women. (Doc. 1 at 3.) He also claims a "group of people in Fresno County have tried to sell [his] person to CDCR personnel." (Doc. 1 at 5.) These claims are frivolous.

Petitioner also states he is in custody at the Fresno County Jail. He claims Judge Wilson has denied his request to be released on bail with ankle monitor supervision. Petitioner does not state why he is in custody, but it is clear mandamus relief is unavailable because the subject of

2

1    his complaint, Judge Wilson, is not an officer, employee or agency of the United States.  Title

2    28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel

3    performance of a state court, judicial officer, or another state official's duties under any

4    circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th

5    Amendment prohibits federal district court from ordering state officials to conform their

6    conduct to state law).  Thus, a petition for mandamus to compel a state official to take or refrain

7    from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160,

8    1161–72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308

9    (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state

10   agencies in the performance of their duties); Dunlap v. Corbin, 532 F.Supp. 183, 187

11   (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy

12   trial), *aff'd without opinion,* 673 F.2d 1337 (9th Cir.1982).

13   III.    Younger Abstention

14        To the extent Petitioner seeks federal intervention in his ongoing state case, relief is

15   barred under Younger v. Harris, 401 U.S. 37 (1971). Under principles of comity and

16   federalism, a federal court should not interfere with ongoing state criminal proceedings by

17   granting injunctive or declaratory relief except under special circumstances. Id. at 43-54.

18   Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2)

19   the state proceedings involve important state interests; and (3) the state proceedings afford

20   adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. v.

21   Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23

22   F.3d 218, 223 (9th Cir. 1994).

23        Here, the state proceedings are clearly ongoing, given Petitioner is in custody at the

24   Fresno County Jail subject to ongoing criminal process in the Fresno County Superior Court.

25   In addition, California has an important interest in passing upon and correcting violations of a

26   defendant's rights.  Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing

27   Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003).  Finally, the Fresno County Superior

28   Court, California Court of Appeal, and the California Supreme Court are adequate forums for

1    Petitioner to seek relief for his claims.  <u>Roberts</u>, 296 F.Supp.2d at 1185.  Therefore, the Court

2    should abstain from interfering in state proceedings pursuant to <u>Younger</u>.

3    IV.    <u>Civil Rights</u>

4            To the extent Petitioner claims a violation of his civil rights, the proper action is not a

5    petition for writ of mandamus.  Petitioner must seek relief for violations of his civil rights through

6    a civil rights action pursuant to 42 U.S.C. § 1983. In <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th

7    Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas

8    petition as a civil rights action under § 1983.    Recharacterization is appropriate only if it is

9    "amenable to conversion on its face, meaning that it names the correct defendants and seeks the

10   correct relief," and only after the petitioner is warned of the consequences of conversion and is

11   provided an opportunity to withdraw or amend the petition.  <u>Id</u>. Here, the Court does not find

12   recharacterization to be appropriate. Petitioner does not name the proper defendants, and the

13   claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise

14   its discretion to recharacterize the action.

15           Therefore, the Court will recommend that the action be dismissed and the Clerk of Court

16   be directed to send Petitioner a blank civil rights complaint.

**ORDER**

18           IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district

19   judge to the case.

**RECOMMENDATION**

21           For the foregoing reasons, the Court RECOMMENDS that this action be DISMISSED

22   WITH PREJUDICE and the Clerk of Court be directed to provide Petitioner with blank civil

23   rights forms.

24            This Findings and Recommendation is submitted to the United States District Court

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

26   304 of the Local Rules of Practice for the United States District Court, Eastern District of

27   California.  Within twenty-one (21) days after being served with a copy of this Findings and

28   Recommendation, a party may file written objections with the Court and serve a copy on all

parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **February 10, 2025**                    _____/s/ *Sheila K. Oberto*_____
                                                          UNITED STATES MAGISTRATE JUDGE