UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAH DANNELL ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>FRESNO FEDERAL COURTHOUSE,<br><br>Respondent. | Case No. 1:25-cv-0155 JLT SKO (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS; DISMISSING PETITION FOR WRIT OF MANDAMUS; AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT, CLOSE CASE AND PROVIDE PETITIONER WITH BLANK CIVIL RIGHTS FORMS<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Janah Dannell Ortiz is a state pretrial detainee proceeding with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. The magistrate judge screened the petition pursuant to 28 U.S.C. § 1915A(a), and observed the claims raised were "very difficult to decipher." (Doc. 5 at 1, 2.) The magistrate judge observed that Petitioner alleged he was "the subject of a conspiracy between the Fresno County Police Department, 'the population,' 'Congress members,' and judges." (*Id.* at 2.) Petitioner also asserts that Judge Wilson took retaliatory action and denied Petitioner's request to be released on bail. (*Id.*) The magistrate judge found it is clear mandamus relief is unavailable based upon these allegations. (*Id.* at 2-3.) In addition, the magistrate judge noted that "the state proceedings are clearly ongoing," and "the Court should abstain from interfering in state proceedings" pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*) Finally, the magistrate judge found reclassification of the action to a civil rights matter was not

appropriate because "Petitioner does not name the proper defendants, and the claims are not amenable to conversion on their face." (*Id.* at 4.) Therefore, the magistrate judge recommended the Court dismiss the action with prejudice and the Clerk of Court provide a blank civil rights form to Petitioner. (*Id.*)

On February 25, 2025, Petitioner filed a document entitled "Points and Authorities of Mandamus," which the Court construes as objections to the Findings and Recommendations. (Doc. 6.) However, Petitioner essentially restates the claims from his petition for mandate. For example, Petitioner seeks federal intervention into his ongoing state criminal case, a transfer of his person to Georgia, and review of his financial status. As discussed by the magistrate judge, the Court is unable to grant the relief Petitioner seeks. Petitioner does not address these findings of the magistrate judge.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings are supported by the record and proper analysis. However, dismissal with prejudice could preclude Petitioner from proceeding with a civil rights action implicating the civil rights claims encompassed in the petition, despite the recommendation that the Clerk of Court provide Petitioner a civil rights form to pursue such claims. Consequently, the Court finds the proper dismissal is *without* prejudice. *See Fiorito v. Entzel*, 829 Fed. Appx. 192, 193 (9th Cir. 2020) (affirming dismissal of a petition without prejudice where the claims in the petition implicated civil rights violations); *see also American Trial Lawyers Assoc., New Jersey Branch v. New Jersey Supreme Court,* 409 U.S. 467, 469 (1973) (a dismissal on grounds of abstention "must not be with prejudice"); *Orth v. Johnson*, 2023 U.S. App. LEXIS 4179, at *1 (9th Cir. Feb. 21, 2023) (finding the district court erred in dismissal without prejudice of a petition brought by a pretrial detainee where the state criminal proceedings were ongoing and holding "the dismissal should have been without prejudice").

In addition, the Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petition, it may only issue a certificate of appealability when a

petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the Court finds that Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 11, 2025 (Doc. 5) are **ADOPTED** in part.
2. The petition for writ of mandate is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to mail Petitioner the Court's forms for filing a civil rights action.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 26, 2025**

UNITED STATES DISTRICT JUDGE

3